```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                 CHARLOTTE DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 3:07CR162-3 |
| Plaintiff, | ) MARCH 17, 2009 |
| | ) |
| vs | ) |
| | ) |
| VALON MARCEL VAILES, | ) |
| | ) |
| Defendant. | ) |

```
              TRANSCRIPT OF SENTENCING
         BEFORE THE HONORABLE FRANK D. WHITNEY
             UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

FOR THE UNITED STATES:   STEVEN KAUFMAN, ESQ.
                         U. S. Attorney's Office
                         227 W. Trade Street
                         Suite 1700
                         Charlotte, NC 28202


FOR THE DEFENDANT:       C. JENNIFER COBLE, ESQ.
                         Coble & Snow
                         407 East Boulevard
                         Charlotte, NC 28202


      Proceedings reported and transcript prepared by:


                    JOY KELLY, RPR, CRR
                 U. S. Official Court Reporter
                   Charlotte, North Carolina
                        704-350-7495

P R O C E E D I N G S

THE COURT: We'll proceed to the next case. 3:07CR162. Mr. Vailes is represented by Ms. Coble. Mr. Kaufman is here on behalf of United States.

Mr. Vailes, would you please stand.

Sir, as you were aware, you were convicted by a jury of your peers on December 4th, 2007, of the crime of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, and the crime of possession with the intent distribute a mixture and substance containing a detectable amount of marijuana.

After your conviction your case was referred to the United States Probation Office for a Presentence Investigation and Report. The Court is holding up a copy of that report. Have you received and read this report?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had the opportunity to go over the report with your counsel?

THE DEFENDANT: Yes, sir.

THE COURT: And the Court has reviewed the report, and the Court did not note any outstanding objections. Is that correct?

```
 1             MS. COBLE:  Your Honor, we made one slight
 2   objection.  It was to paragraph 45.
 3             The original report seemed to indicate that he was
 4   convicted of possession of marijuana, but it was amended to
 5   reflect that he was not indicted on that marijuana charge.
 6   It was just the --
 7             THE COURT:  That was incorporated in the final
 8   revised report, correct?
 9             MS. COBLE:  Yes.
10             THE COURT:  So the report of July 21, 2008, is
11   correct, and there are no objections to this copy.
12             MS. COBLE:  Right.
13             THE COURT:  Thank you.  All right.
14             Then the Court will adopt the information
15   contained in the Presentence Report for purposes of applying
16   the advisory Guidelines, as well as the statutory minimum.
17             In the instant case, the Guidelines provide for a
18   level of 34, Criminal History Category IV, and a Guideline
19   sentencing range of 210 to 262 months, and a statutory
20   minimum sentence of 240 months, or 20 years, for an amended
21   range of 240 months to 262 months.
22             Do the parties agree that those are the
23   appropriate advisory Guidelines as well as the appropriate
24   statutory minimum in this case?
25             MR. KAUFMAN:  Yes, Your Honor.
```

1  MS. COBLE: Yes, Your Honor.

2  THE COURT: Thank you.

3  Mr. Coble, I'll hear from you on behalf of your
4  client.

5  MS. COBLE: Your Honor, I wanted to just highlight
6  a few things for the Court.

7  At the time of this report my client was 42. He's
8  since had a a birthday; he's 43.

9  It does seem like it took a little while to get
10  here today. I want to note for the Court we were proactive
11  in trying to get it scheduled, but I think just due to
12  everybody's schedule, it did take a little while for us to
13  get here, understanding, wanting to do it all at once, and
14  with Mr. Yurko in and out of the country, it somewhat
15  delayed us all. I just wanted to mention that.

16  Mr. Vailes does have four children; the youngest
17  of which live here in North Carolina. So we request that he
18  be sentenced to a facility here in North Carolina as close
19  as possible to Charlotte.

20  He did complete a Substance Abuse Program and the
21  Aftercare Program while he has been at the jail, so I'd like
22  the Court to note that, too, Your Honor.

23  THE COURT: Thank you.

24  MS. COBLE: Also, he has been incarcerated since
25  July of '07, so we want to make sure that the Bureau of

```
 1  Prisons gives him proper credit for all the time that he has
 2  been in jail.
 3           We would just ask that Your Honor be fair and
 4  reasonable to the extent that you can be.
 5           Also, I'd like to note, too, that Mr. Vailes is in
 6  pretty decent health.  If his health continues, he would be
 7  able to do something once he does gets out of prison, so
 8  we'd like for you to keep that mind too.
 9           THE COURT:  Certainly.
10           Mr. Vailes, you have the right to address the
11  Court if you so choose.
12           THE DEFENDANT:  I have nothing to say, sir.
13           THE COURT:  All right.  Thank you very much, sir.
14  All right.  You may sit down.
15           Mr. Kaufman.
16           MR. KAUFMAN:  Your Honor, there's not too much for
17  me to say.  We're looking at a large amount of time and a
18  small range; a range of 22 months within which the Court
19  would be determining a sentence.
20           I would just note that this is a defendant, who
21  doesn't just have a single prior state-level drug offense,
22  like a possession with intent to sell and deliver, or
23  deliver something small, and that's causing him the
24  enhancement which puts him from ten years to 20 years.
25           This a defendant who I submit, Your Honor,
```

```
 1  deserves -- that should receive a sentence of 262 months.
 2  Because he started off as a repeat burglar back in the early
 3  '80s; he's got prior assault charges that he's been
 4  convicted.  He even has a weapons offense.  And maybe most
 5  importantly, should have learned his lesson after the 1988
 6  federal case dealing with the trafficking of hundred pounds
 7  of marijuana.  I know they caught him in a conspiracy where
 8  they have 100 pounds of marijuana on the table in one
 9  transaction.  He didn't learn his lesson from that.  So
10  because of those factors, Your Honor, we submit that 262 is
11  appropriate.
12          THE COURT:  Thank you.  Is there a forfeiture with
13  regard to Mr. Vailes?
14          MR. KAUFMAN:  No, Your Honor.  I believe the
15  indictment just has Mr. Jones for a bank account.
16          THE COURT:  Okay.  And this is a drug trafficking
17  case so the victim right statutes do not apply in this case.
18          Mr. Vailes, would you please stand.
19          Mr. Vailes, I'm sure Mr. Coble has explained to
20  you the process the Court must follow in determining the
21  appropriate reasonable sentence in your case, but I need to
22  review that on the record.
23          This is a three-step process that is set forth in
24  a series of Supreme Court cases starting with *United States*
25  *v. Booker*.
```

The first step is to determine the advisory Guidelines in your case. We did that a moment ago, as you were aware. The advisory Guidelines provide for a sentencing range of 240 to 262 months, and that's partly because you have a statutory mandatory minimum sentence of 240 months. That's step two in the process. First step is advisory Guidelines; step two is determine the statutory minimum sentence.

The Court, as a matter of law, cannot sentence you to less than 20 years or 240 months.

The third and most important step besides the statutory minimum is to apply a series of sentencing factors that are found in Title 18, United States Code, Section 3553(a). Those sentencing factors are provided by Congress to the district courts to inform the district court as to how to fashion a sentence that's sufficient but not greater than necessary to accomplish the goals of sentencing.

The Court has considered all of the sentencing factors set forth in Section 3553(a), and wants to highlight a couple that are particularly important.

As to the seriousness of offense for which you were convicted, you were involved in a large scale, multidistrict marijuana trafficking conspiracy. It was extensive and it involved literally tons of marijuana.

The Court also is focused on the need to protect

Case 3:07-cr-00162-FDW   Document 108   Filed 10/13/09   Page 7 of 12

the public from further crimes by you. As Mr. Kaufman pointed out, you have been involved in prior criminal conduct, including assault. The Court also needs to deter others from getting involved in this level of criminal conduct.

The Court has considered all the other sentencing factors also, and the Court will now state a sentence that it believes is sufficient but not greater than necessary to accomplish the goals of sentencing as set forth in the Sentencing Reform Act of 1984.

The Court would invite the attorneys to listen to the proposed sentence before it's actually imposed so if there's a legal reason why it should not be imposed, you can so advice.

Pursuant to the Sentencing Reform Act of 1984 and *United States v. Booker*, it is the judgment of the Court having considered the factors noted in 18 U.S.C., Section 3553(a), that the defendant, Valon Marcel Vailes, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 250, that's two-five-zero months, on Count One; a term of 120 months on Count Four, to be served concurrently.

The Court calls to the attention of the custodial authorities that the defendant has a history of substance abuse, and recommends the defendant be allowed to

1   participate in any available substance abuse treatment
2   programs while incarcerated, and, if eligible, receive
3   benefit of 18 U.S.C. 3621(e)(2).
4           It is further ordered that the defendant be
5   required to support all dependents from prison earnings
6   while incarcerated as outline in the Presentence Report.
7           Upon release from imprisonment the defendant shall
8   be placed on supervised release for a term of ten years.
9   This term consists of a term of ten years on Count One and a
10  term of four years on Count Four, all such terms to run
11  concurrently.
12          Within 72 hours of release from the custody of the
13  Bureau of Prisons the defendant shall report in person to
14  the Probation Office in the district to which the defendant
15  release.
16          On supervised release, the defendant shall not
17  commit another federal, state or local crime, and shall
18  comply with the standard conditions adopted by the Court in
19  the Western District of North Carolina.
20          It is further ordered that the defendant shall pay
21  the United States a special assessment of $200.
22          It is further ordered having considered the
23  factors noted in 18 U.S.C., Section 3572(a) that the
24  defendant shall reimburse the United States for
25  court-appointed attorneys' fees.

1  The Court finds that the defendant does not have
2  the ability to pay a fine or interest.  The Court having
3  considered the factors noted in 18 U.S.C., Section 3572(a),
4  will waive the payment of a fine and interest in this case.
5  Payment of the crime monetary penalties shall be
6  due and payable immediately.  The Court has considered the
7  financial and other information contained in the Presentence
8  Report and find the following is feasible:  If the defendant
9  is unable to pay my monetary penalty immediately, during the
10 period of imprisomment the payment shall be made to the
11 Federal Bureau of Prisons Inmate Financial Responsibility
12 Program.  Upon release from imprisonment, any remaining
13 balance shall be paid in monthly installments of no less
14 than $50 to commence within 60 days after release from
15 imprisonment until paid in full.
16 Throughout the period of supervision a probation
17 officer shall monitor the defendant's economic
18 circumstances, and shall report to the Court with
19 recommendations as warranted any material changes that
20 affect the defendant's ability to pay any court-ordered
21 penalties.
22 The Court recommends to the U. S. Bureau of
23 Prisons that the defendant be designated to a facility as
24 close to Charlotte, North Carolina, as possible.
25 I ask counsel if there's any legal reason why the

11

1   sentence should not be imposed as stated?
2           MR. KAUFMAN:  No, Your Honor.
3           MS. COBLE:  No, Your Honor.
4           THE COURT:  And there are to counts would be
5   dismissed, of course, because this is a trial.
6           Mr. Vailes, you can appeal your conviction if you
7   believe your guilty verdict was somehow -- was unlawful or
8   was unfounded; not supported by the evidence.
9           You may also appeal your sentence under certain
10  circumstances, particularly if you think your sentence is
11  contrary to law.  Any notice of appeal must be filed within
12  ten days from the date of written judgment in this case.
13  This Court usually hands down written judgment one two weeks
14  after this sentencing hearing.
15          If you're unable to pay the cost or an appeal, you
16  may apply for leave no cost to you.  If you so request, the
17  clerk of court will prepare and file a notice of appeal on
18  your behalf.  The Court recommends you talk to your counsel
19  about these appeals rights and procedures.
20          Do you understand these appeal rights and
21  procedures as the Court has read them to you today?
22          THE DEFENDANT:  Yes, sir.
23          THE COURT:  You'll remain in custody of the U. S.
24  Marshall Service pending transfer to U. S. Bureau of Prisons
25  for service of your sentence.  It usually takes 30 to 60

1  days.  Do you have any questions for me at this time?
2              THE DEFENDANT:  No, sir.
3              THE COURT:  Are there any other issues in this
4  case?
5              MR. KAUFMAN:  No, Your Honor.
6              MS. COBLE:  No, Your Honor.
7              THE COURT:  Then the sentence as stated is hereby
8  ordered and this case is concluded.  Thank you very much.
9              (Hearing concluded at 3:37 p.m.)
10                          - - - - -

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**



**CERTIFICATE OF REPORTER**

         I, JOY KELLY, RPR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.



S/JOY KELLY

**JOY KELLY, RPR, CRR**                                    Date _____
**U.S. Official Court Reporter**
**Charlotte, North Carolina**