UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-CR-00162-FDW

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| VALON MARCEL VAILES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 123). Defendant is represented by counsel. The Government opposes the motion, and the parties have fully briefed the issues. (Doc. Nos. 125, 126, 130, 131, 132, 133). For the reasons that follow, the Court GRANTS Defendant's motion and reduces his sentence to TIME SERVED plus seven (7) days.

## I. BACKGROUND

Between 2003 and 2007, Defendant participated in a marijuana-trafficking organization, buying 100 pounds of marijuana per week from a co-conspirator supplier. In July 2007, Defendant agreed to buy 100 pounds of marijuana from a co-conspirator with a down payment of $20,000. Police arrested Defendant after he picked up the marijuana. Investigators estimated that conservatively, more than 3,000 but less than 10,000 pounds of marijuana were reasonably foreseeable to Defendant. Defendant was 42 years old when he committed these offenses, and at the time, he had previously been convicted of two counts of burglary, illegal possession of a weapon, and conspiracy with intent to distribute marijuana. Following trial, a jury convicted Defendant of possess with intent to distribute at least 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846 and attempting to possess with intent to distribute marijuana in violation of 21

1

U.S.C. § 841(a)(1), and found that at least 1,000 kilograms of marijuana were reasonably foreseeable to Defendant.

Applying the mandatory minimum of 20 years, the Sentencing Guidelines advised a sentence of between 240 and 262 months for his conspiracy offense, and the Court sentenced Defendant to 250 months in prison — 10 months above the bottom of the range advised by the Guidelines — for the conspiracy offense and to a concurrent term of 120 months for the substantive drug-trafficking offense. While in the Bureau of Prisons, Defendant has committed 2 disciplinary infractions, one in 2016 and one in 2017; and he has completed 19 educational programs or work assignments, including his GED and drug education coursework. According to the Bureau of Prisons, Defendant is scheduled to be released on August 8, 2023.

## II. Applicable Law

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence from the court for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v.

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

Bond, 56 F.4th 381, 383 (4th Cir. 2023). First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds "extraordinary and compelling reasons warrant such a reduction.'" Id. (quoting § 3582(c)(1)(A)(i); citing United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021)). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A); citing Kibble, 992 F.3d at 331. Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Here, the record is clear Defendant exhausted his administrative remedies; thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release in light of the applicable § 3553(a) factors.

### III. ANALYSIS

Defendant contends the fact that he would be subject to a lower mandatory-minimum sentence of 15 years if sentenced today—as opposed to the 20-year mandatory minimum applicable when this Court sentenced Defendant—which he contends results in an unwarranted sentence disparity that constitutes an extraordinary and compelling reason for compassionate release. Defendant argues the § 3553(a) factors counsel in favor of a reduction to a sentence of time served, particularly given his post-sentencing rehabilitation. The Government opposes the motion.

The Fourth Circuit has recognized that "gross" or "exceptionally dramatic" sentencing disparities between a sentence under the prior law and the current law *can* constitute "extraordinary and compelling reasons," to warrant a reduction in a sentence as imposed. United States v. McCoy, 981 F.3d 271, 274-75, 285, 288 (4th Cir. 2020) ("[T]he *enormous* disparity between [the original] sentence and the sentence a defendant would receive today *can* constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A). (Emphasis added.)); see also United States v. Reams, No. 1:14-CR-426-1, 2022 WL 2834341, at *4 (M.D.N.C. July 20, 2022) ("A change in sentencing law alone does not compel compassionate release." (citing McCoy, 981 F.3d at 286)), appeal dismissed, No. 22-6957, 2022 WL 18716532 (4th Cir. Nov. 16, 2022). There is no bright line rule or formulaic approach to determine what "disparity" between sentences must exist in order to be considered "extraordinary and compelling," and courts instead look to a defendant's individualized circumstances. See United States v. Johnson, No. 2:08-CR-00930-DCN-7, 2023

4

WL 24129, at *4 (D.S.C. Jan. 3, 2023) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today." (citing United States v. Hallman, 2022 WL 4477710, at *3 (W.D.N.C. Sept. 26, 2022) (holding that even though the defendant would no longer be classified as a career offender, the sentencing disparity [between the original 360 months to life and the current range of 161 and 180 months] did not amount to an extraordinary and compelling reason because his criminal history "would likely have warranted an upward variance"); United States v. Massey, 2021 WL 4233886, at *4 (W.D.N.C. Sept. 16, 2021) (explaining that even though Hobbs Act robbery was no longer categorized as a crime of violence, the defendant's sentencing disparity [between the original range of 110 and 137 months and the current range of 70 and 87 months] was not so drastic that compassionate release was warranted); see also United States v. Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (recognizing that although the defendant would not be considered a career offender and a within-guidelines sentence would be "substantially shorter" if the defendant were sentenced today, that is "only one possible hypothetical result" in light of the plea agreement, the potential for the court to not impose a middle-of-the-range sentence, the violent crime committed by the defendant, and his "long criminal history of assaults and robberies").

 As a starting point, the change in intervening law and guidelines on which Defendant relies were not made retroactive and therefore have no effect on the *validity* of his original sentence. And the Court takes significant issue with Defendant's characterization of his motion as an "emergency," (see Doc. No. 130), as a five-year sentencing disparity based on a nonretroactive change in law hardly rises to that level and nothing else argued in his motion constitutes an "emergency" basis for release. Nevertheless, the parties appear to agree that if sentenced today,
5

Defendant would face a mandatory minimum that is five years less than the minimum that applied when the Court imposed the original sentence, but—significantly—as the Government points out, this Court sentenced Defendant *above* the then-applicable mandatory minimum.

The Court concludes that under this record; the individualized circumstances present here, particularly Defendant's post-sentencing rehabilitation and Defendant's upcoming release date; and the sentencing disparity from the change in mandatory minimums—when considered together—constitute extraordinary and compelling reasons to consider a reduction in Defendant's sentence. In so concluding, the Court clarifies it is not ruling that the sentencing disparity alone constitutes an extraordinary and compelling reason for a reduction in sentence. The Court also summarily rejects Defendant's other argument regarding his family's need for his support and concludes that under this record, the need to care for his brother does not constitute extraordinary and compelling reasons to reduce his sentence.

Having determined that extraordinary and compelling reasons exist, the Court concludes the full record, the applicable § 3553(a) factors, and Defendant's post-sentencing conduct counsel in favor of a modest reduction in his sentence to time served plus seven days.[2] Defendant trafficked in an extraordinary amount of marijuana as part of a large-scale drug-trafficking conspiracy that operated from Mexico to Texas to North Carolina. Defendant was 42 years old when he committed these offenses, and he committed them after he had previously served several lengthy terms of imprisonment for violent and non-violent offenses, including a prior conviction involving trafficking marijuana. Those prior terms of imprisonment did not deter Defendant from committing the instant offenses. Now, Defendant has served nearly all of the sentence as imposed, and he has only two disciplinary violations for the non-violent offenses of possession of

---

[2] The purpose of the seven days is to allow for essential planning for Defendant's release and successful transition to the community.

unauthorized items while in the Bureau of Prisons. He has completed many programming and work assignments, including the "Drug Education – Freedom from Drugs Program," which the Court finds significant given the offense conduct in this matter and Defendant's criminal history. Defendant received his GED and appears to have community support, including a plan for employment upon his release. For these reasons, a sentence of time served plus seven days is appropriate to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of Defendant, and provide general and specific deterrence to criminal conduct.

### IV. CONCLUSION

In sum, the Court concludes that under this record and particularly given Defendant's upcoming release date and evidence of post-sentencing rehabilitation—including the completion of drug education coursework—a modest sentence reduction to time served plus seven days is sufficient, but not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

**IT IS, THEREFORE, ORDERED** that the Motion to Reduce Sentence (Doc. No. 123), is GRANTED. Defendant's sentence shall be reduced to an aggregate sentence of time served plus seven (7) days, with the original terms of supervised release as imposed, (see Doc. No. 81).

**IT IS SO ORDERED.**

Signed: July 6, 2023

Frank D. Whitney
United States District Judge